THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9  MICHAEL EUGENE MCCLAIN,

10

11          Petitioner,

    v.
12
    UNITED STATES OF AMERICA,
13
            Respondent.
14

CASE NO. C12-0743-JCC
     (CR09-0419-JCC)

ORDER ADOPTING REPORT AND
RECOMMENDATION AND
DISMISSING CASE

15       This matter comes before the Court on Petitioner's 28 U.S.C. § 2255 petition to vacate,

16  set aside, or correct his sentence (Dkt. No. 1), the Report and Recommendation of United States

17  Magistrate Judge James P. Donohue (Dkt. No. 12), and Petitioner's objections to the Report and

18  Recommendation (Dkt. No. 13). Having thoroughly considered Judge Donohue's Report and

19  Recommendation, the parties' briefing, Petitioner's objections, and the remainder of the record,

20  the Court hereby ADOPTS all but nine lines of the Report and Recommendation for the reasons

21  explained below.

22       The district court must "make a de novo determination of those portions of the

23  [magistrate judge's] report or specified proposed findings or recommendations to which

24  objection is made." 28 U.S.C. § 636(b)(1). Petitioner's main objection to the Report and

25  Recommendation is to the "Factual Background" section, which includes an excerpt from the

26  Government's answering brief in Petitioner's direct appeal. Specifically, Petitioner objects to the

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING CASE
PAGE - 1

1   part of that excerpt that says that the Government's forensic scientist "was able to determine that

2   McClain was included as a possible 'substantial contributor' to the mixture [of DNA found on

3   the pistol], and [the cooperating witness] was *not* included as a substantial contributor." (Dkt.

4   No. 12 at 6–7.) The United States made a similar statement in its Answer to Petitioner's § 2255

5   motion. (Dkt. No. 6 at 4.) In his opposition to the Answer, Petitioner alerted the Court to the

6   inaccuracy of the statement. (Dkt. No. 9 at 1–5.) In response, the United States filed a

7   supplement/correction to its Answer, in which it "acknowledge[d] that it incorrectly stated, on

8   line 5 of page 4 of its Answer, that the DNA expert used the phrase 'substantial contributor' to

9   describe Mr. McClain. The United States's Answer should have stated that the DNA expert

10  concluded that Mr. McClain was a 'possible contributor,' along with an estimated 1 in 3

11  individuals in the U.S. population, to the DNA mixture recovered from the gun." (Dkt. No. 10 at

12  2.) The Court therefore agrees with Petitioner that the statement about the DNA evidence in the

13  Report and Recommendation quoted above is inaccurate. The Court does not adopt that portion

14  of the report.

15        Petitioner argues that the report's inclusion of that inaccurate statement shows that Judge

16  Donohue "knowingly us[ed] 'false and perjury statements'" in his report, is "biased" against

17  Petitioner, and was "misle[]d" by the statement. Petitioner also takes issue with the report's

18  failure to "mention" or "tak[e] into consideration" Petitioner's opposition to the United States'

19  Answer and the United States' supplement/correction to its Answer. Petitioner's objections are

20  frivolous. Judge Donohue specifically stated that he had "careful[ly] consider[ed]" the entire

21  record before him, which included the Answer, Petitioner's opposition, and the United States'

22  supplement/correction. (Dkt. No. 12 at 1.) He was not required to specifically "mention" those

23  documents. Moreover, it is clear that the Report and Recommendation in no way relies upon the

24  inaccurate statement. The only appearance the DNA evidence makes in the report's analysis is

25  where the report states—correctly—that "the DNA mixture [on the firearm] . . . was consistent

26  with Petitioner's DNA and not with Ms. C.D.'s DNA." (Dkt. No. 12 at 11.) The Government's

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING CASE
PAGE - 2

1   forensic scientist *did* testify to that fact at trial. (Dkt. No. 10 at 2.) The Report and

2   Recommendation does not show that Judge Donohue "knowingly used false statements," is

3   "biased" against Petitioner, or was "misled" by the inaccurate statement. To the contrary, the part

4   of the report's analysis that discusses the DNA evidence makes clear that Judge Donohue was

5   *not* misled.

6          In his remaining objections, Petitioner reiterates the arguments he made in his motion. He

7   argues that Mr. Moore's testimony would have shown that the cooperating witness lied about

8   Petitioner's having picked up a gun at Mr. Moore's house. But the Report and Recommendation

9   addressed that argument when it found that "Mr. Moore's declaration is not particularly

10  'exculpatory' as to the elements of Felon in Possession, the offense Petitioner was found guilty

11  of committing." (Dkt. No. 12 at 10.) Petitioner objects that he "do[es] not understand how the

12  court adopts the Government's phrase that [it] was [a] reasonable strategic decision not calling

13  Mr. Moore for a witness." But even if it was unreasonable for counsel not to call Mr. Moore,

14  Petitioner has not shown—as the Report and Recommendation concludes—that the result of the

15  trial would have been different had she called him. (Dkt. No. 12 at 11.) Petitioner objects that if

16  Mr. Moore had been called, "Petitioner could [have] established that the foundation of where this

17  case started from [—] Petitioner picking up a firearm at Mr. Moore's house [—] was fabricated

18  by [the cooperating witness]." But all that Mr. Moore's declaration says about that incident is

19  that he never saw Petitioner in possession of a firearm during November 2009, and he never gave

20  Petitioner a firearm. (Dkt. No. 1 Ex. D at 35.) These statements are not inconsistent with the

21  cooperating witness's testimony that she merely saw Petitioner come out of Mr. Moore's

22  residence with a gun—and therefore do not tend to show that her testimony was "fabricated."

23  Petitioner's objections do not call into question the Report and Recommendation's sound

24  analysis and conclusions.

25         For the foregoing reasons, the Court ORDERS as follows:

26         (1)     All of the Report and Recommendation (Dkt. No. 12), except for the last six lines

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING CASE
PAGE - 3

1          of text on page 6 and the first three lines of text on page 7, is ADOPTED;

2    (2)   Petitioner's § 2255 motion (Dkt. No. 1) is DENIED and this matter is

3          DISMISSED with prejudice;

4    (3)   A certificate of appealability is DENIED with respect to the request for relief

5          asserted by petitioner in his § 2255 motion;

6    (4)   The Clerk is directed to send a copy of this Order to Petitioner, counsel for

7          Respondent, and Judge Donohue.

8

9    DATED this 9th day of October 2012.

10

11

12

13

14

15                                                            John C. Coughenour
16                                                            UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING CASE
PAGE - 4